# IN THE COURT OF APPEALS OF IOWA

No. 17-0041
Filed August 16, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHRISTOPHER LEE JOHNSON,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman Salic, District Associate Judge.

Christopher Johnson appeals the sentence imposed upon his conviction for second-degree harassment. **AFFIRMED.**

Jesse M. Marzen of Marzen Law Office, P.L.L.C., Waverly, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

Christopher Johnson was arrested for first-degree harassment. The following day, the district court entered a temporary no-contact order prohibiting Johnson from contacting the protected party. Johnson eventually pled guilty to "second degree harassment by communicating with another person intending to cause alarm by threatening bodily injury." The district court imposed sentence and extended the no-contact order for five years.

On appeal, Johnson argues, because no party filed an application to extend the no-contact order, as required by Iowa Code section 664A.8 (2016), the extension of the order was illegal. He also argues the extension lacked a factual basis.

The code provision on which Johnson relies is inapplicable. That provision governs the extension of "a *modified* no-contact order." Iowa Code § 664A.8 (emphasis added). The district court did not extend a modified no-contact order under section 664A.8; the court modified an existing, temporary no-contact order under section 664A.5.

Iowa Code section 664A.5 states:

> If a defendant is convicted of . . . or pleads guilty to [harassment], . . . the court shall either terminate or modify the temporary no-contact order . . . . The court may enter a no-contact order or continue the no-contact order already in effect for a period of five years . . . . The court may enter a no-contact order or continue the no-contact order already in effect for a period of five years from the date the judgment is entered . . . .

Section 664A.5 requires the district court to "either terminate or modify the temporary no-contact order" when "a defendant is convicted of, receives a deferred judgment for, or pleads guilty to" certain public offenses, including harassment. *Id.*; *see id.* § 664A.2(1). The provision is not contingent upon the receipt of an extension application from a party. *Cf. id.* § 664A.8 (allowing for an extension "[u]pon the filing of an application by the state or by the victim of any public offense referred to in section 664A.2, subsection 1 . . . .").

On Johnson's conviction for second-degree harassment, the court modified the temporary no-contact order by keeping it in place for five years. Its action was authorized by section 664A.5, which allows the court to "continue the no-contact order already in effect for a period of five years from the date the judgment is entered."

We turn to Johnson's argument that the order lacked a factual basis. In his view, the record contains "no evidence of any continuing threat [he] posed to the victim." This argument is unpersuasive because section 664A.5 does not require a finding that the defendant continued to pose a threat.

We affirm his sentence and the no-contact order.

**AFFIRMED.**